THOMPSON and others *v.* DERBY and others.

*(Circuit Court, D. Massachusetts.* December 3, 1887.)

1. PATENTS FOR INVENTIONS—ANTICIPATION—COMBINED CHAIR AND CARRIAGE.
    Letters patent No. 224,923, granted to Joseph W. Kenna for improvements in child's combined chair and carriage, are not anticipated by earlier patents, although limited in scope by them.
2. SAME—INFRINGEMENT—COMBINED CHAIR AND CARRIAGE.
    Chairs made under the two Chichester patents, respectively numbered 259,- 368 and 260,843, are infringements upon the Kenna patent No. 224,923. The chairs made under the Parker patent, No. 317,668, do not infringe.

In Equity.
*James E. Maynadier,* for complainants.
*Thomas H. Dodge,* for defendants.

COLT, J. This is a suit for an injunction, account, and damages, based upon letters patent No. 224,923, dated February 24, 1880, granted to Joseph W. Kenna for improvements in a combined child's chair and carriage. The specification says:

"My invention relates to an article of furniture which, by simple adjustment of the several parts, may be converted from a nursery chair to a child's carriage, and *vice versa,* so that it may be used for either a child's high chair or a carriage, as may be desired. The invention consists in the manner of connecting the chair to its supporting frame and supporting it therein, and also in special devices and combinations of devices."

The first claim of the patent covers some of the special devices described in the specification. The second claim is more general in its character, and is relied upon in this suit. It reads as follows:

"The frame, A, in combination with bail, E, chair-frame, B, pivoted at its lower front corners to the frame, A, and the yielding rest or support, F, substantially as described."

F is also termed in the specification a "Spring Catch," and it is manifest that this is a more correct term than yielding rest. It is used to hold the bail, E, in position when the chair is used as a high chair. The Kenna chair is an improvement on what is called the "Pearl Chair," in that the supporting frame is hinged to the front legs of the chair, instead of being hinged directly to the chair seat. The plaintiffs contend that three chairs made and sold by the defendants infringe the second claim of the Kenna patent. The first of these alleged infringing chairs is found described in the Chichester patent No. 259,368, dated June 13, 1882; the second in the Chichester patent No. 260,843, dated July 11, 1882, and the third in the Parker patent, No. 317,668, dated May 12, 1885.

With respect to the Kenna patent, it is urged that it must receive a narrow construction in view of what took place in the patent-office upon the application for the patent, and in view of the prior state of the art. The office rejected the broad claim made by Kenna to the combination of the supporting frame, chair-frame pivoted thereon, and bail, on the ground that such combination was shown in the prior Pearl chair; and Kenna acquiesced in the decision of the examiner, and directed the claim to be erased from his application. But as to the claim now sued upon, it is found in the original application, and it was allowed, so far as appears, without question, and I am of opinion that it is a valid claim for a combination. Each of the elements may be old, but they were never combined together before, and they produced a new and improved result. Many prior patents for combination chairs have been introduced in evidence, but nowhere do we find described the Kenna chair, or all the features of the Kenna chair, covered by the second claim of the patent. Undoubtedly the Caulier patent, and the Patten patent, and other prior patents, together with the Pearl chair, tend to limit the scope of the Kenna invention, but I do not think any of them are anticipations of that invention.

The question of infringement remains. As to defendants' chairs, made under the two Chichester patents, it seems to me clear that they use all the elements described in the second claim of the Kenna patent. In the Chichester chairs there are found the supporting frame, A, the bail, E, the chair frame, B, pivoted at its lower front corners to the frame, A, and the spring catch or support, F, or what may fairly be considered their equivalents.

With respect to the Parker chair, I find no infringement. There is not found in the Parker chair either the bail or spring catch described in the Kenna patent. The bail is not used for the purpose of supporting the chair, but only for the purpose of pushing when the chair is converted into a carriage, nor is the catch of the Kenna patent present in the Parker chair.

Upon the evidence the plaintiffs contend that the Kenna invention antedates the Pearl chair, but I find the contrary to be the fact. The

effort of the defendants to show that L. A. Chichester invented the Kenna chair is not sustained by sufficient proof. Nor can I agree with defendants that the special devices, such as the slotted bars which are made the subject-matter of the first claim of the Kenna patent, must by implication be incorporated into the second claim. My conclusion is that defendants' chairs made under the Chichester patents infringe the Kenna patent, and that defendants' chairs made under the Parker patent do not infringe, and a decree may be drawn accordingly.

Decree for complainants.